UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BROOKE C. CRESWELL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EXTENDICARE HOMES, INC.,<br><br>　　　　　　　　Defendant. | NO: 12-CV-3111-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

　　BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF No. 26). This matter was heard with telephonic oral argument on July 29, 2013. Terry P. Abeyta and David P. Abeyta appeared on behalf of the Plaintiff. Carin A. Marney and Gretchen J. Hoog appeared on behalf of the Defendant. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

　　This is a personal injury case. Plaintiff was injured when he tripped and fell over his wife's wheeled briefcase as the couple loaded their vehicle in Defendant's

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 1

parking lot. Plaintiff alleges that Defendant was negligent in failing to adequately illuminate the parking lot. Defendant has moved for summary judgment, arguing that Plaintiff cannot prove the causation element of his claim. For the reasons discussed below, the Court will deny the motion.

## FACTS

Plaintiff Brooke Creswell ("Plaintiff") accompanied his wife to work at Defendant's nursing home facility on October 24, 2010. To pass the time while his wife was working, Plaintiff read a book on his Kindle in the lobby. After finishing her work obligations, Plaintiff's wife exited the facility with a black wheeled briefcase in tow. The hour was late, and darkness had already fallen. Plaintiff's wife crossed the Defendant's parking lot, opened the rear hatch of the couple's Subaru Forester, and placed the briefcase in a standing position immediately behind her. In order to make room for the briefcase, Plaintiff's wife began rearranging several items in the vehicle's cargo area.

Moments thereafter, Plaintiff exited the facility and approached the vehicle from the rear. Upon reaching the driver's side door, Plaintiff realized that he had left the case for his Kindle in the back seat on the passenger's side. Plaintiff began walking around the rear of the vehicle to retrieve the case. As he did so, Plaintiff tripped and fell over the briefcase, which was in the same position that his wife had left it moments earlier. Plaintiff fell hard and sustained serious injuries to his face.

Plaintiff has since sued Defendant in negligence, alleging that the accident was caused by Defendant's failure to adequately illuminate the parking lot.

## DISCUSSION

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by a jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* In ruling on a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372,

378 (2007).  The court may only consider evidence that would be admissible at trial.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

In the instant motion, Defendant challenges Plaintiff's ability to prove the causation element of his negligence claim.  The elements of duty, breach and damages are not at issue, and Defendant concedes for purposes of the instant motion that they have been established.  Defendant's argument with respect to the absence of causation is twofold.  First, Defendant asserts that the allegedly inadequate illumination of its parking lot was not the cause-in-fact of Plaintiff's injuries.  Second, Defendant claims that "legal causation" is lacking because the events which led to Plaintiff's injuries were not sufficiently foreseeable.  For the reasons addressed below, neither argument is persuasive.

**A. Cause-in-Fact**

Cause-in-fact "refers to the 'but for' consequences of an act—the physical connection between an act and an injury." *Hartley v. State*, 103 Wash.2d 768, 778 (1985) (citation omitted).  To establish cause-in-fact, a plaintiff must demonstrate that the cause of his or her injuries was part of "a direct unbroken sequence which would not have occurred" in the absence of the defendant's conduct.  *Hertog v. City of Seattle*, 138 Wash.2d 265, 282-83 (1999).  Stated differently, the plaintiff must demonstrate that, but for the defendant's conduct, his or her injury would not have occurred.  *Schooley v. Pinch's Deli Market, Inc.*, 134 Wash.2d 468, 479

(1998). "Cause in fact is a factual question left to the trier of fact unless reasonable minds could not differ." *Michaels v. CH2M Hill, Inc.*, 171 Wash.2d 587, 597 (2011).

Defendant argues that cause-in-fact is lacking because Plaintiff cannot prove that he would have seen and avoided the briefcase had the parking lot been illuminated to the level specified by his expert witness. This argument rests almost entirely upon Plaintiff's admission during discovery that he was not specifically looking for obstacles in his path at the time of the accident. In light of this admission, Defendant contends, Plaintiff's claim that he would not have tripped over the briefcase in better lighting amounts to "mere speculation and conjecture." ECF No. 26 at 6.

Having reviewed the record, the Court finds that there is sufficient evidence to warrant sending the issue of cause-in-fact to the jury. Plaintiff has specifically alleged that he would have seen and avoided the briefcase had the parking lot been adequately illuminated. Creswell Decl., ECF No. 38, at ¶ 5. While admittedly self-serving, this allegation is adequately supported by the objective evidence. It is undisputed that Plaintiff's wife had reached the vehicle and began rearranging its cargo area before Plaintiff exited the building. Creswell Dep., ECF No. 39-1, at Tr. 18-19. It is reasonable to infer from this evidence that the briefcase was already in position as Plaintiff approached the vehicle.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 5

Notably, Plaintiff's human factors expert, Joellen Gill, testified that Plaintiff would have had a window of approximately 12-15 seconds to view the briefcase under proper lighting conditions as he walked toward his vehicle. Specifically, Ms. Gill explained that, as Plaintiff approached the vehicle, his gaze would have been focused out ahead on his intended target (the rear of the vehicle), and his eyes would have automatically scanned his field of vision for obstacles. Gill Dep., ECF No. 39-4, at Tr. 39, 41-42; Abeyta Decl., ECF No. 39-3, at 2-3. As a result, Ms. Gill opined, Plaintiff likely would have detected the briefcase under proper lighting conditions prior to reaching the vehicle. *See* Abeyta Decl., ECF No. 39-3, at 5 ("Had there been adequate illumination provided, Mr. Creswell would have had the opportunity to detect the briefcase on the tarmac as he approached the rear of the vehicle, and thus taken steps to avoid it."). Contrary to Defendant's assertions, this explanation does not amount to "pure speculation." Indeed, Ms. Gill's theory that Plaintiff would have observed the briefcase from a distance under appropriate lighting conditions has significant intuitive appeal.

Finally, there is an issue of material fact as to whether additional lighting would have made it *more* difficult for Plaintiff to detect the briefcase. To whatever extent adding additional light fixtures might have caused Plaintiff's vehicle to cast a "shadow" over the briefcase, *see* Armstrong Dep., ECF No. 28, Exhibit E, at Tr. 108-110, there is no evidence to support Defendant's assertion that this condition

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 6

would have made the briefcase *less* visible than it was at the time of the accident. A rational jury could certainly reach the opposite conclusion on the present record. Because reasonable minds could differ as to whether inadequate illumination, properly placed, was the "but for" cause of Plaintiff's injury, Defendant is not entitled to summary judgment. *Michaels*, 171 Wash.2d at 597.

### B. Legal Causation

Legal causation "rests on policy considerations as to how far the consequences of defendant's acts should extend. It involves a determination of whether liability *should* attach as a matter of law given the existence of cause in fact." *Hartley*, 103 Wash.2d at 779 (emphasis in original). This is a question of law to be decided by the court rather than by a jury. *Colbert v. Moomba Sports, Inc.*, 163 Wash.2d 43, 51 (2008). The primary focus of the legal causation analysis "is whether, as a matter of public policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability." *Michaels*, 171 Wash.2d at 611 (quotation and citation omitted). This inquiry "depends upon mixed considerations of logic, common sense, justice, policy and precedent." *Kim v. Budget Rent A Car Sys., Inc.*, 143 Wash.2d 190, 204 (2001) (quotations and citations omitted).

Defendant argues that liability should not attach because it "cannot be expected to anticipate—and provide illumination for—all locations in which a

visitor could place a foreign object on the ground." ECF No. 26 at 11.  The Court respectfully disagrees.  It is readily foreseeable that a person might temporarily place a bag or other large object on the ground while loading his or her vehicle.  Defendant has appropriately conceded that this "is not in itself an extraordinary event." ECF No. 26 at 11.  The specific areas in which such an object might be placed are equally foreseeable: on the ground near the vehicle's passenger doors or rear cargo area.  Finally, it goes without saying that someone visiting a commercial premises with its own parking lot can reasonably be expected to park his or her vehicle in a designated parking space.  Thus, as a matter of logic and common sense, Defendant can reasonably be expected to identify—and adequately illuminate—the areas of its parking lot in which potential tripping hazards are likely to be placed.  Accordingly, Defendant is not entitled to summary judgment on the issue of legal causation.

**IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 26) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** July 31, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR SUMMARY JUDGMENT ~ 8